# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID ROBIN WHITMORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIV-10-413-M** |
| **v.** | ) | |
| | ) | |
| **RONALD HILL, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendants Miller, Haung, Bowen, Jones, and Hill, respectfully moves to dismiss this action pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendants move for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure for the reason that no genuine issue of material fact exists, and they are entitled to judgment as a matter of law. Grounds for dismissal or summary judgment appear more fully in the attached brief in support.

## BRIEF IN SUPPORT OF MOTION TO DISMISS/ MOTION FOR SUMMARY JUDGMENT

Plaintiff, appearing pro se, is an inmate within the custody of the Oklahoma Department of Corrections (hereinafter "DOC"), incarcerated at Lawton Correctional Facility (hereinafter "LCF"), a privately owned and operated prison in Lawton, Oklahoma. He brings this action pursuant to 42 U.S.C. §1983, alleging that Defendants violated his constitutional

-1-

rights.   Specifically, Plaintiff alleges that Defendants denied his right to due process throughout a disciplinary violation hearing and review.

This Motion to Dismiss/Motion for Summary Judgment relies upon the Court-ordered Special Report (hereinafter "S.R."), which is filed contemporaneously with this Motion as was ordered by the Court.

## ARGUMENT AND AUTHORITY

### STANDARD OF REVIEW

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact, which can be effected by pointing to the lack of evidence supporting an essential element of the non-moving party's claim.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

More than a "mere scintilla of evidence" must exist to show a genuine issue of material fact exists.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). A genuine issue of material fact exists only if the record, taken as a whole, could lead a reasonable trier of fact to find in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L. Ed. 2d 538 (1986).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      Plaintiff, David Robin Whitmore, is incarcerated for a term of 35 years for Manslaughter First Degree, in the custody of DOC.  (See S.R., Att. 1)

2.      LCF is a private prison owned and operated by GEO, Inc., which is under contract with the Oklahoma Department of Corrections (ODOC) to house Oklahoma inmates under the laws of the State of Oklahoma.

3.      The Defendants, are employed by GEO and work at LCF.

4.      Lawton Correctional Facility houses inmates pursuant to a contract with the Oklahoma Department of Corrections.

5.      Plaintiff was written up for a disciplinary violation on May 20, 2009.  (See S.R., Att. 5)

6.      Plaintiff's disciplinary violation was dismissed and all earned credits restored.  (See S.R., Atts. 14 and 15)

7.      Plaintiff has not exhausted his administrative remedies.

## PROPOSITION I

### PLAINTIFF HAS NO STANDING TO BRING A CLAIM AND HIS REQUEST FOR RELIEF IS MOOT

"Standing implicates a court's jurisdiction, and requires a court itself to raise and address standing before reaching the merits of the case before it."  *San Juan County, Utah v. United States*, 503 F.3d 1163, 1172 (10th Cir. 2007)(en banc)(quotations and alterations omitted).  In order to have standing, a party "must show that he has sustained or is

-3-

immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)(quotations omitted).

Moreover, "[c]onstitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases or controversies." *Prier v. Steed*, 456 F.3d 1209 (10th Cir. 2006) (quoting *Seneca-Cayuga Tribe of Okla. v. Nat'l Indian Gaming Comm's,* 327 F.3d 1019, 1028 (10th Cir. 2003)(internal quotations and citations omitted)). The Tenth Circuit further held that a case becomes moot when an "event occurs...that makes it impossible for the court to grant 'any effectual relief whatever to a prevailing party." *Id.* (*citing Church of Scientology of Ca. v. United States,* 506 U.S. 9 (1992) (*quoting Mills v. Green*, 159 U.S. 651 (1895).

Here Plaintiff has failed to allege that he has sustained any injury or is in danger of sustaining some injury, nor has he shown that any injury is real and immediate. To the contrary, the procedural background of the case shows that Plaintiff was provided the relief sought and therefore no injury was suffered or will exist in the future. *See* S.R., Atts.14, 15, 17, and 18. Furthermore, as Plaintiff has already been granted the relief sought, the Court does not have any relief to grant to Plaintiff. Therefore, Defendants are entitled to dismissal of Plaintiff's Complaint.

## PROPOSITION II

### PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

The United States Congress modified the requirements regarding the exhaustion of administrative remedies for prisoner lawsuits when it passed the Prisoners Litigation Reform Act. Title 42 U.S.C. §1997e.  It states:

> Applicability of administrative remedies.  No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. §1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Lawton Correctional Facility has a grievance policy, which could have been utilized to address Plaintiff's complaints.

Plaintiff's failure to exhaust his administrative remedies is grounds for dismissal  See 42 U.S.C. §1997e, *Booth v. Churner*, 532 U.S. 1819 (2001).   In *Jernigan v. Stuchell,* 304 F.3d 1030 (10th Cir. 2002) the Court rejected the argument that "inmates do not have to properly complete the grievance process, and they do not have to correct deficiencies." *Supra* at *1032.*  Plaintiff failed to complete his administrative remedies as to the issues raised and therefore he is not in compliance with the PLRA.

The Supreme Court recently issued a decision reiterating its conclusion that a prisoner must exhaust each step of a prison system's grievance procedure in full compliance with the policy's procedural and time requirements.  *See Jones v. Bock*,  549 U.S. 199, 127 S.Ct. 910, 922-23 (2007). The prison's procedural requirements themselves – not the Prison Litigation

Reform Act – determine whether a grievance or grievance paperwork was properly submitted. *Jones*, 127 S.Ct. at 923. As the Tenth Circuit has determined, any claim which was not properly exhausted in full compliance with the grievance process and is procedurally barred should be dismissed with prejudice. *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006). The Tenth Circuit has held that a prisoner must timely exhaust each step of a prison system's grievance procedure **in full compliance with the procedure's requirements**. *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). (Emphasis added) In *Jernigan, supra* at 1032, the Court rejected the argument that inmates do not have to properly complete the grievance process, and they do not have to correct deficiencies.

There can be no dispute between the parties that Plaintiff was required to exhaust his administrative remedies pursuant to the DOC grievance procedures, OP-090124. See ( S.R., Attachment 4. This process requires an initial, informal attempt to resolve a complaint by talking with the case manager, supervising employee or other appropriate staff. *Id.* at IV(A). If the matter remains unresolved, the inmate must then submit a written "Request to Staff," briefly but specifically describing his complaint. *Id.* at IV(B). Should the informal attempts at resolution fail, the inmate's next step is submission of a "Inmate/Offender Grievance Report Form." *Id.* at V(A). An unfavorable response to the grievance may then be appealed to the administrative review authority or chief medical officer, as appropriate. *Id.* at VII. The ultimate ruling of the administrative review authority or chief medical officer concludes the administrative process available to an inmate through the Oklahoma Department of

Corrections. *Id.* at VII(D).

Further, there can be no dispute between the parties that Plaintiff was required to exhaust his administrative remedies pursuant to the DOC disciplinary procedures, OP-060125. *See* S.R., Attachment 3. The appeal process for findings of guilt in a disciplinary hearing allows 30 calendar days after receiving the finding of guilt for the offender to appeal to the facility head, whereupon he must "specifically state the grounds for the appeal. Issues not raised are waived." *Id.* at V(A)(3).  If an appeal to the facility head is affirmed, the offender has 30 calendar days to appeal to the Administrative Reviewing Authority at DOC. *Id.* at V(B).   This appeal can only be made on two grounds: (1) newly discovered evidence/available evidence not considered by reviewing authority...or (2) probable error committed by the reviewing authority in the decision such as would be grounds for dismissal. *Id.* at V(B)(2).  If an appeal results in a loss of earned credits, the offender may file for judicial review to the Oklahoma County District Court within 90 calendar days. *Id.* at V(C).

Following a finding of guilt, Plaintiff filed an appeal to the facility head claiming only that he was not "permitted the opportunity to present relevant witness/es or to submit relevant written witness statements." S.R., Att. 8.  Plaintiff did not include claims that his finding of guilt was in error, nor did he ever allege that a statement by the witness was in error.  The issues not properly appealed were waived according to policy.  S.R., Att. 3 at V(A)(3).  Plaintiff then filed an appeal to DOC, whereupon a rehearing was ordered.  S.R. Att. 9, 10 and 12.  Upon review by the facility head of the order for rehearing, the disciplinary violation

was dismissed by Warden Miller. S.R., Att. 14.  Plaintiff did not lose any earned credits as a result of the disciplinary action.  S.R., Att. 15.  Following dismissal by the Warden, Plaintiff filed a Petition for Judicial Review in Oklahoma County, alleging only that his due process right was violated when he was denied testimony of a witness as evidence to be used during the disciplinary hearing.  S.R. Att. 16.  Plaintiff's petition was denied, and affirmed on appeal, finding that Plaintiff's claims were moot as the disciplinary action had been dismissed and all earned credits restored, and denying his request for costs. S.R., Att. 17, 18.

Plaintiff failed to assert any of his claims through the grievance process. S.R., Att. 2. Thus, Plaintiff failed to properly bring before the defendants the following claims: that the witness statement was incorrect, or that the finding of guilt was in error.  Thus, as Plaintiff did not include these claims in his appeals and has not filed any grievances in accordance with LCF and DOC policy he is not in compliance with the PLRA.

Plaintiff's failure to exhaust his administrative remedies is fatal to his claim and his case should be dismissed.

## PROPOSITION III

### PLAINTIFF HAS NOT SHOWN PERSONAL PARTICIPATION BY DEFENDANTS MILLER, BOWEN, AND JONES

To create liability under 42 U.S.C. §1983, a plaintiff must show that action taken "under color of" state law deprived him of rights secured by the Constitution or other federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922 (1982).  Personal participation is a necessary prerequisite to maintaining a claim for liability

under §1983.  See *Monell v. New York City Department of Social Services,* 456 U.S. 658, 691

(1978), and  *Singer v. Wadman,* 595 F.Supp. 188, (1982, DC, Utah), affd. 745 F.2d 606 (10th

Cir., 1984).

        In *Blinder, Robinson & Co.  v. U.S.S.E.C.,* 748 F.2d 1415, 1419 (10th Cir., 1984), the

Tenth Circuit held that "to state a constitutional claim, plaintiff must do more than simply

state a conclusion or engage in 'artful pleading.'... A Plaintiff must state a compensable claim

for relief that details the facts forming the basis for the claim."  In *Keeper v. King,* 130 F.3d

1309, 1314 (8th Cir. 1997), the Court said that "a general responsibility for supervisory

operations of a prison is insufficient to establish the personal involvement required to support

liability."

        Defendant Miller is the Warden of LCF. Defendant Bowen was the Deputy Warden.

Defendant Jones was  a Lieutenant.  As to Defendant Miller, Plaintiff alleges only that " He

originally reviewed the appeals. And has the duty to ensure that everybody know offenders

due process training."  Doc. 1 at 3.  Plaintiff further admitted that "the Warden dismissed the

offense..." *Id*. at 5. Plaintiff fails to assert any allegations against Warden Miller that show

a denial of any right, rather one assertion shows that Warden Miller provided the Plaintiff

with the relief being sought.  Thus, all claims against Warden Miller must be dismissed.

Plaintiff alleges that Defendant Bowen was involved because "he originally review the

findings of guilty" and that he "affirmed the violation after reviewing the hearing, he should

have order a rehearing, and order the investigator to obtain a statement from the witnesses."

Doc. 1 at 3 and 4 respectively.  Neither of Plaintiff's allegations against Defendant Bowen show any personal involvement in the alleged due process violation, rather they show his exercise of supervisory duties, which do not reach a level sufficient to establish personal participation. Thus, all claims against Defendant Bowen should be dismissed.  Defendant Jones is alleged to have "told me BEFORE I even got the offense report that C/O Lopez had already told him what I done and that he got me, don't worry about it."  Doc. 1 at 3. However, Defendant Jones only stated in his witness statement that he did not remember the incident.  S.R., Att. 11.  Plaintiff failed to show how Defendant Jones' lack of memory violated his due process or constituted participation in any such violation.  Therefore, all claims against Defendant Jones must be dismissed.

## PROPOSITION IV

### PLAINTIFF'S CLAIMS OF DUE PROCESS VIOLATION ARE BARRED BY RES JUDICATA

In *Allen v. McCurry*, 449 U.S. 90 (1980), the United States Supreme Court held that "[u]nder res judicata, a final judgment on the merits of an action precludes that parties or their privies from relitigating issues that were or could have been raised in that action." *(citing Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)).

Plaintiff previously filed an action alleging the misconduct violated his due process rights.  *See* S.R., Att. 17, CJ-2010-23. On April 5, 2010, the Honorable Barbara Swinton, dismissed Plaintiff's Petition for Judicial Review as moot, finding that Plaintiff had been granted relief.  The Complaint in the matter at hand involves the same issue and provides no

additional support for Plaintiff's claims.  Therefore, Plaintiff's petition should be dismissed under the doctrine of res judicata.

## PROPOSITION V

## PLAINTIFF'S CLAIMS DO NOT STATE A CONSTITUTIONAL VIOLATION

To establish a due process violation, a plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 710-12 (1976). The Due Process Clause does not protect prisoners from every adverse change in their confinement. *Sandin v. Connor*, 515 U.S. 472, 478 (1995).  If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause.  *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). See also *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population). Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." *Sandin*, 515 U.S. at 485.

Plaintiff asserts that Defendants violated his rights by affirming the misconduct throughout all stages of the disciplinary procedure. An inmate "has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 108 S.Ct. 1273 (1988).  As long as the procedural due process requirements set forth in *Wolff v. McDonnell* are met, an allegation that unfounded or false charges were filed by prison officials fails to state a claim. *Id.* at 952-53; *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir.1984). " *Wolff* required that inmates facing disciplinary charges for misconduct be accorded 24 hours' advance written notice of the charges against them; a right to call witnesses and present documentary evidence in defense, unless

doing so would jeopardize institutional safety or correctional goals; the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; an impartial tribunal; and a written statement of reasons relied on by the tribunal." *Hewitt v. Helm*, 459 U.S. at 466 n. 3.  As the Supreme Court noted in *Wolff*, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. Thus, "[a]dministrative review of prison disciplinary hearings is not constitutionally guaranteed." *Garfield v. Davis*, 566 F.Supp. 1069, 1074 (E.D.Pa.1983). Therefore, Plaintiff's claim would not be of constitutional significance.

Further, courts have found that no liberty interest is implicated where an inmate's good-time credits are completely restored after a successful appeal and before their loss could have any impact on the duration of the inmate's sentence. See, *Davis v. Ward*, 92 Fed Appx. 634, 635-6, 2004 U.S. App Lexis 2029 (10th Cir. 2004) *citing* , *Sandin*, 515 U.S. at 487; *See also*, *Cespedes v. Coughlin*, 956 F. Supp. 454, 472-5 (S.D.N.Y. 1997) (inmate's claim that his due process rights were violated by a constitutionally flawed prison hearing that was subsequently corrected before his overall sentence was affected did not constitute the violation of a liberty interest). The Plaintiff is currently serving a thirty-five year sentence and cannot show that his sentence was directly affected by the misconduct proceedings, or that it imposed an atypical and significant deprivation. Thus, the temporary loss of good-time credits did not deprive Plaintiff of a liberty interest.   Therefore Defendants are entitled to judgment.

## CONCLUSION

Given the nature of Plaintiff's allegations and the information supplied by the Special Report, Defendants urge that the Complaint herein be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1) or 12(b)(6).   In the alternative, Defendants contend they are entitled to summary judgment as to all of Plaintiff's claims pursuant to Fed R. Civ. P. 56.

Respectfully submitted,

S/ Margie Weaver
Margie Weaver, OBA #21859
DON G. POPE & ASSOCIATES
611 24th Avenue SW, Suite 102
Norman, OK 73069-3966
(405) 360-7555
(405) 360-6990 (Fax)
E-mail mweaver@pope-law.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of July, 2010,  I mailed a true and correct copy of the foregoing, postage prepaid, to:

David Robin Whitmore, #173053
Lawton Correctional Facility
8607 S.E. Flowermound Rd.
Lawton, OK 73501

S/ Margie Weaver
Margie Weaver

-13-