# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID ROBIN WHITMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-413-M |
| | ) | |
| PEGGY HAUNG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has filed a complaint under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Pursuant to an order entered by Chief United States District Judge Vicki Miles LaGrange, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Defendants have filed a motion to dismiss/motion for summary judgment, to which Plaintiff has responded. Thus, the matter is at issue and ready for disposition. For the following reasons, it is recommended that summary judgment be granted in favor of Defendants.

## I. BACKGROUND

Plaintiff is an Oklahoma inmate who is currently housed at the Lawton Correctional Facility. Petition, 1. By this action, Plaintiff seeks damages and injunctive relief based on a misconduct offense issued on May 20, 2009. Special Report, Ex. 5. Named as Defendants are Ronald Hill, unit manager and disciplinary hearing officer; Peggy Haung, disciplinary investigator; Lt. Jones, shift supervisor; Mark Bowen, deputy warden of security; and David

Miller, warden.

Plaintiff was issued a misconduct offense on May 20, 2009, for being present in an unauthorized area. Special Report, Ex. 5. A hearing was held on June 30, 2009, and Petitioner was found guilty of the offense and assessed a $10.00 fine. Special Report, Ex. 7. Upon routine review, the facility head affirmed the discipline on July 6, 2009. Id. Plaintiff appealed on grounds that he was not permitted to present relevant witnesses or witness statements. Special Report, Ex. 8. On September 25, 2009, the facility head again affirmed the disciplinary conviction. Id. at Ex. 9. On appeal, the administrative review authority initially affirmed the facility head's decision. Special Report, Ex. 11. However, on March 1, 2010, the administrative review authority ordered a rehearing. Special Report, Ex. 12. A rehearing was never conducted because on March 23, 2010, the disciplinary offense charge was dismissed by the warden. Special Report, Ex. 14.

On January 8, 2010, before the administrative review authority ordered a rehearing, Plaintiff filed a petition for judicial review of his misconduct conviction. Case No. CV-2010-23, District Court of Oklahoma County; Special Report, Ex. 16. Because the Oklahoma Department of Corrections had already dismissed the disciplinary charge, the state district court found the case to be moot and denied Plaintiff any further relief on April 6, 2010. Id. at Ex. 17. Plaintiff then appealed to the Oklahoma Court of Criminal Appeals, arguing that he should receive all the money he lost as a result of the fees and costs that had been imposed by the District Court of Oklahoma County in filing his petition for judicial review. Id. at Ex. 18. Case Nos. REC-2010-320, REC-2010-384, and REC-2010-402, Oklahoma Court of

Criminal Appeals (June 18, 2010). The Oklahoma Court of Criminal Appeals denied relief on two bases: (1) the statute authorizing judicial review of disciplinary convictions specifically states that no recovery is allowed for costs and fees; and (2) by statute, all fees and costs collected by Oklahoma Department of Corrections shall be returned to the prisoner if there is a finding in favor of the petitioner. Id. at Ex. 18, p. 3-4 (citing Okla. Stat. tit. 57, §§ 564.1(F) and 566.4 (I)). With regard to the latter, the Court noted that Plaintiff had not shown that he had been denied reimbursement of these fees and costs by exhausting his administrative remedies. Id. at 4.

## II. DISCUSSION

Defendants move for dismissal or summary judgment on several grounds.[1] Because the undersigned has considered the evidentiary materials submitted by the parties, the motion will be treated as a motion for summary judgment. For the following reasons, the undersigned finds that Plaintiff's challenge to his disciplinary conviction fails to implicate a protected liberty or property interest and thus fails to allege the violation of any constitutional right. Therefore, the Court is not required to consider whether the disciplinary proceedings comported with due process. See e.g., Talley v. Hesse, 91 F.3d 1411, 1413 (10th Cir.1996).

### A. SUMMARY JUDGMENT STANDARD

---

[1] Defendants have raised Plaintiff's alleged failure to exhaust administrative remedies and the doctrine of res judicata as grounds in support of their motion to dismiss. Although the recommended disposition makes it unnecessary to specifically address these grounds, Defendants' decision to include them in the motion is perplexing to say the least.

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. Calhoun v. Gaines, 982 F.2d 1470, 1472 (10th Cir. 1992); Manders v. Oklahoma, 875 F.2d 263, 264 (10th Cir. 1989). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." Id.

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Rather, the moving party initially bears the burden only of " 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id., at 325. Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. Id. at 324. The nonmoving party "may not rest upon mere allegation" in his pleading to satisfy this requirement Anderson, 477 U.S. at 256. Rather, Fed. R. Civ. P. 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324.

**B. UNDISPUTED FACTS**

Based upon the complaint, the Special Report[2] and the evidentiary material appended thereto, the following material facts are uncontroverted, deemed admitted, or, where disputed, viewed in the light most favorable to Plaintiff. Immaterial facts and facts not properly supported by the record are omitted.

On June 30, 2009, Plaintiff was convicted of a misconduct offense for being in an unauthorized area, and received a $10.00 fine as punishment. Special Report, Ex. 7. Being in an unauthorized area is a Class A offense, and there are no mandatory sanctions for such an offense. See Special Report, Exs. 7, 11; Ex. 3, p. 16. Plaintiff appealed his disciplinary conviction and ultimately, on March 1, 2010, the administrative review authority ordered a rehearing and remanded the matter with instructions. Special Report, Ex. 12. Before a rehearing could be conducted, the facility head dismissed the misconduct offense charge. Special Report, Ex. 14. On January 8, 2010, before the rehearing was ordered, Plaintiff filed a petition for judicial review of the disciplinary conviction. Special Report, Ex. 16. On April 6, 2010, the state district court denied relief on grounds that the case was moot. See Special Report, Ex. 17. The Oklahoma Court of Criminal Appeals affirmed on June 18, 2010. Special Report, Ex. 18.

**C. ANALYSIS**

In Sandin v. Conner, 515 U.S. 472, 483-84 (1995), the United States Supreme Court

---

[2]The Special Report has been treated as an affidavit. See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) (explaining the role of a Special Report in summary judgment proceedings).

5

held that although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause ... these interests will be generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." As previously noted, the sanctions received by Plaintiff were limited to a ten dollar fine, and no earned credits were lost. Further, according to the special report, the $10.00 fine was never deducted from Plaintiff's account and thus he was not deprived of any property. Special Report, Ex. 14. Thus, although the Tenth Circuit has indicated that imposition of a fine in connection with a disciplinary offense conviction can give rise to a property interest protected by the Due Process Clause, that issue need not be decided here. See Anderson v. Cunningham, No. 08-1349, 319 Fed. Appx. 706, 710 (10th Cir. Mar. 30, 2009) (fine could implicate a protected property interest); Jones v. Cowley, Nos. 91-6271, 91-6283, 1991 WL 252667, at *2 (10th Cir. Nov. 26, 1991) ($15.00 fine implicates property interest).[3] The Court in Sandin made it clear that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law," and therefore only disciplinary measures which "inevitably affect the duration of [the inmate's] sentence" will be found to create a liberty interest sufficient to invoke the procedural protections of the Due Process Clause. Sandin, 515 U.S. at 485, 487. Plaintiff has not shown that the discipline imposed upon him implicated any liberty or property interest. Accordingly, even if the misconduct

---

[3]These and any other unpublished decisions are cited for their persuasive value pursuant to Fed.R.App.P. 32.1 and Tenth Circuit Rule, 32.1.

proceedings were procedurally defective, it is undisputed that no constitutionally protected interest was implicated. See Jones, 1991 WL 252667, at *4 ("The mere expectation of receiving a state afforded process does not itself create an independent liberty interest protected by the Due Process Clause."). In light of the foregoing, it is recommended that Defendants' motion for summary judgment be granted.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the motion for summary judgment of Defendants Miller, Bowen, Haung, Jones, and Hill [Doc. No. 21] be granted. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 10th, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

**ENTERED this 21st day of October, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE